<u>**ORAL ARGUMENT NOT YET SCHEDULED**</u>

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AIR ALLIANCE HOUSTON, *et al.*,<br><br>             Petitioners,<br><br>    v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,<br><br>             Respondents. | No. 26-1070<br>(consolidated with<br>No. 26-1072) |

**NON-BINDING STATEMENT OF ISSUES**

Petitioners seek review of an EPA Clean Air Act rule, entitled National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units: Final Repeal, 91 Fed. Reg. 9,088 (Feb. 24, 2026) ("Final Repeal"), which weakens standards for emissions of mercury and other hazardous air pollutants from power plants and removes a requirement that sources demonstrate compliance with the filterable particulate-matter (fPM) standard using continuous monitoring systems. These changes rescind requirements established in EPA's 2024 rule published at 89 Fed. Reg. 38,508

1

(May 7, 2024).

Without waiving their right to modify these issues or raise additional ones, Petitioners in No. 26-1070 intend to raise the following issues:

1. Whether, in weakening the fPM standard for toxic metal emissions from existing coal-fired units, the Final Repeal fails to abide by the statutory test for technology reviews prescribed in Clean Air Act Section 112(d)(6), 42 U.S.C. § 7412(d)(6), including by importing extra-statutory cost and risk factors; whether the Final Repeal's analysis of cost for the fPM standard comported with Section 112(d)(6) and was arbitrary and capricious, including by ignoring relevant cost factors; whether the Final Repeal's cost-effectiveness determination for fPM is arbitrary and capricious; whether EPA failed to adequately explain its change in position on its analysis of technological developments and other relevant factors that warranted revising the fPM standard in 2024; and whether the Final Repeal's weakening of the fPM standard is otherwise arbitrary, capricious, an abuse of discretion, and not in accordance with law.

2. Whether EPA contravened Section 112(d)(6), or acted arbitrarily and capriciously, by repealing the 2024 fPM standard for existing coal-fired units and reverting to the 2012 fPM standard without considering alternative standards that are more stringent than the 2012 fPM standard,

2

and without explaining why the 2012 fPM standard meets the requirements of Section 112(d)(6). 42 U.S.C. § 7412(d)(6).

3. Whether the Final Repeal's rescission of the requirement that sources demonstrate their compliance with the fPM standard through the use of Continuous Emissions Monitoring Systems (PM CEMS) was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, because, among other things, the PM CEMS requirement is "necessary" under Section 112(d)(6) and is needed to satisfy the Clean Air Act's requirement to assure continuous emission reduction; EPA failed to justify reversing its well-founded 2024 decision to require PM CEMS; EPA failed to take account of the benefits of PM CEMS for compliance with the standards and public health; and EPA overstated the costs of PM CEMS. 42 U.S.C. § 7412.

4. Whether the Final Repeal's weakening of the mercury emissions standard for existing lignite-fired plants – effectively the reinstatement of a loophole that allows those plants to emit vastly more mercury than other coal-fired power plants – was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, because, among other things, the record does not support EPA's finding that the 2024 Repeal's mercury standard is unachievable and instead shows that

3

substantially lower emissions than those required under the pre-2024 standards are achievable; and because EPA failed to adequately explain its reversal of its 2024 decision. 42 U.S.C. § 7412(d)(6).

5. Whether EPA contravened Section 112(d)(6), or acted arbitrarily and capriciously, by repealing the 2024 mercury standard for existing lignite-fired units and reverting to the 2012 mercury standard without considering alternative standards that are more stringent than the 2012 mercury standard, and without explaining why the 2012 mercury standard meets the requirements of Section 112(d)(6). 42 U.S.C. § 7412(d)(6).

6. Whether EPA's Final Repeal failed to comply with the Clean Air Act's rulemaking requirements, 42 U.S.C. § 7607(d), including failing to respond to comments.

DATED: May 1, 2026

Respectfully submitted,

/s/ Deborah M. Murray
Deborah M Murray
Southern Environmental Law Center
120 Garrett Street, Suite 400
Charlottesville, VA 22902
(434) 977-4090
dmurray@selc.org

*Counsel for American Academy of Pediatrics, American Lung Association, American Public Health Association, and Physicians for Social Responsibility*

/s/ Sarah A. Buckley
Sarah A. Buckley
John Walke
Emily Davis
Sheena Patel
Natural Resources Defense Council, Inc.
1152 15th St. NW, Suite 300
Washington, D.C. 20005
sbuckley@nrdc.org
jwalke@nrdc.org
edavis@nrdc.org
spatel@nrdc.org
Tel: (202) 836-9555

*Counsel for Natural Resources Defense Council*

/s/ Sean H. Donahue
Sean H. Donahue
Keri R Davidson*
Chloe H. Kolman
Donahue, Goldberg, Herzog & Davidson
1008 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (202) 277-7085
sean@donahuegoldberg.com
keri@donahuegoldberg.com
chloe@donahuegoldberg.com

Surbhi Sarang
Richard Yates
Vickie L. Patton
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
Tel: (303) 440-4901
ssarang@edf.org
ryates@edf.org
vpatton@edf.org

*Counsel for Environmental Defense Fund*

*Not admitted in District of Columbia; application for admission pending

/s/ Nicholas Morales
Nicholas Morales
Kevin Breiner
James S. Pew
Earthjustice
1250 I St. NW, Fourth Floor
Washington, D.C. 20005
(202) 667-4500
nmorales@earthjustice.org
kbreiner@earthjustice.org
jpew@earthjustice.org

*Counsel for Petitioners Air Alliance
Houston, Chesapeake Climate Action
Network, Clean Air Council,
Downwinders at Risk, Kentucky
Resources Council, Montana
Environmental Information
Center, and Sierra Club*


/s/ Shaun A. Goho
Shaun A. Goho
Hayden W. Hashimoto
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
617-624-0234
sgoho@catf.us
hhashimoto@catf.us

*Counsel for Alliance of Nurses for
Healthy Environments, Citizens for
Pennsylvania's Future, Clean
Wisconsin, Conservation Law
Foundation, and Natural Resources
Council of Maine*

/s/ Sanjay Narayan
Sanjay Narayan
Sierra Club Environmental Law
   Program
2101 Webster St., Ste. 1300
Oakland, CA 94612
(415) 977-5769
sanjay.narayan@sierraclub.org

*Counsel for Sierra Club*

/s/ Brian H. Lynk
Brian H. Lynk
Environmental Law & Policy
   Center
740 15th Street, NW, Suite 700
Washington, DC 20005
(240) 461-4241
blynk@elpc.org

*Counsel for Plaintiffs Environmental
Law & Policy Center and Dakota
Resource Council*

**CERTIFICATE OF SERVICE**

I certify that on May 1, 2026, I filed the preceding Non-Binding Statement of Issues via the Court's ECF system, which will provide copies to counsel of record.

　/s/ Sean H. Donahue